1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GEORGIA MILES,                          No. 2:20-cv-0807 TLN KJN P

12                    Plaintiff,

13        v.                                   ORDER

14    PATRICE PETERSEN, et al.,

15                    Defendants.

16

17        Plaintiff is a former Plumas County jail inmate, proceeding pro se.  Plaintiff seeks relief

18    pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

19    28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

20    U.S.C. § 636(b)(1).

21        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22    Accordingly, the request to proceed in forma pauperis is granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24    §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

25    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27    forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

28    of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

1    payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

2    amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3    § 1915(b)(2).

4    Screening Standards

5         The court is required to screen complaints brought by prisoners seeking relief against a

6    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

17   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

18   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

19   1227.

20        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

21   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

25   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

26   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

27   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

28   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

2

1   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

3   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

4   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

5   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6   The Civil Rights Act

7       The Civil Rights Act under which this action was filed provides as follows:

8           Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the deprivation
9           of any rights, privileges, or immunities secured by the Constitution .
            . . shall be liable to the party injured in an action at law, suit in equity,
10          or other proper proceeding for redress.

11  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

12  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

13  Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

14  liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

15  affirmative link between the incidents of police misconduct and the adoption of any plan or policy

16  demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

17  to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

18  affirmative act, participates in another's affirmative acts or omits to perform an act which he is

19  legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy,

20  588 F.2d 740, 743 (9th Cir. 1978).

21      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

22  their employees under a theory of respondeat superior and, therefore, when a named defendant

23  holds a supervisorial position, the causal link between him and the claimed constitutional

24  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

25  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

26  438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

27  denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

28  official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

3

1  F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

2  participation is insufficient).

3  Plaintiff's Allegations

4         In her complaint, plaintiff names Patrice Petersen, Judge Giordiano, and the Plumas

5  County Sheriff's Office/Jail as defendants.  Plaintiff claims a violation of all her constitutional

6  rights, based on the following:  basic necessities, mail, property, threat to safety, access to the

7  court, medical care, retaliation, medical malpractice, malfeasance, disciplinary proceedings, civil

8  harassment, and excessive force.  (ECF No. 1 at 3-5.)  As relief, plaintiff seeks "a new judge;" an

9  order prohibiting defendant Petersen from "stalking and harassing" the courts, plaintiff, and her

10 family; reimbursement for all of plaintiff's lost property, and an apology.  (ECF No. 1 at 6.)

11 Discussion

12        The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

13 unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

14 court has determined that the complaint does not contain a short and plain statement as required

15 by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

16 complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

17 v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least

18 some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

19 Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

20 complaint must be dismissed.  The court, however, grants leave to file an amended complaint.

21        In an effort to assist plaintiff in amending her complaint, she is advised of the following.

22        Judicial Immunity

23        The Supreme Court has held that judges acting within the course and scope of their

24 judicial duties are absolutely immune from liability for damages under § 1983.  Pierson v. Ray,

25 386 U.S. 547 (1967).  A judge's jurisdiction is quite broad.  Moreover, a federal district court

26 does not have jurisdiction to review errors in state court decisions in civil cases.  Dist. of

27 Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co.,

28 263 U.S. 413, 415 (1923).  "The district court lacks subject matter jurisdiction either to conduct a

4

direct review of a state court judgment or to scrutinize the state court's application of various

rules and procedures pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381, 1411-

12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997).  See also Branson v. Nott, 62 F.3d 287,

291-92 (9th Cir.1995) (finding no subject matter jurisdiction over section 1983 claim seeking,

inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th

Cir. 1987) (attacking state court judgment because substantive defense improper under Rooker-

Feldman).  That the federal district court action alleges the state court's action was

unconstitutional does not change the rule.  Feldman, 460 U.S. at 486.

        Property Claims

        The United States Supreme Court has held that "an unauthorized intentional deprivation

of property by a state employee does not constitute a violation of the procedural requirements of

the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for

the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state

provides a meaningful postdeprivation remedy, only authorized, intentional deprivations

constitute actionable violations of the Due Process Clause.  An authorized deprivation is one

carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall,

773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142,

1149 (9th Cir. 1987).  Here, plaintiff has not alleged any facts which suggest that the deprivation

was authorized.  The California Legislature has provided a remedy for tort claims against public

officials in the California Government Code, §§ 900, et seq.  Because plaintiff has not attempted

to seek redress in the state system, she cannot sue in federal court on the claim that the state

deprived her of property without due process of the law.

        Harassment/Defamation[1]

        Allegations of harassment, embarrassment, and defamation are not cognizable under

section 1983.  Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir.1981), aff'd sub

---

[1]  On May 4, 2020, plaintiff filed a motion seeking a court order prohibiting defendant Petersen from engaging in libel or slander.  (ECF No. 3.)  However, because plaintiff cannot state a cognizable civil rights claim based on defamation, libel, or slander, plaintiff's motion is denied without prejudice.

1    <u>nom.</u> <u>Kush v. Rutledge</u>, 460 U.S. 719 (1983); <u>see also</u> <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344

2    (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable);

3    <u>Ellingburg v. Lucas</u>, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have

4    cause of action under § 1983 for being called obscene name by prison employee); <u>Batton v. North</u>

5    <u>Carolina</u>, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does

6    not state claim under § 1983).  Nor are allegations of mere threats cognizable.  <u>See</u> <u>Gaut v. Sunn</u>,

7    810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do

8    allegations that naked threat was for purpose of denying access to courts compel contrary result).

9         <u>Medical Claims</u>

10         Deliberate indifference to a serious medical need violates the Eighth Amendment's

11    proscription against cruel and unusual punishment.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104

12    (1976); <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds</u>,

13    <u>WMX Techs, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (<u>en banc</u>).  A determination of

14    "deliberate indifference" involves an examination of two elements: the seriousness of the

15    prisoner's medical need and the nature of the defendant's response to that need.  <u>See</u> <u>McGuckin</u>,

16    974 F.2d at 1059.

17         Where, as here, the inmate is a pretrial detainee rather than a convicted prisoner, the

18    inmate's rights derive from the Fourteenth Amendment's Due Process Clause rather than the

19    Eighth Amendment's Cruel and Unusual Punishments Clause.  <u>See</u> <u>Gibson v. County of Washoe</u>,

20    290 F.3d 1175, 1187 (9th Cir. 2002) (<u>citing</u> <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979)).  In other

21    words, deliberate indifference to a pretrial detainee's serious medical needs violates the

22    Fourteenth Amendment's Due Process Clause.  Although a deliberate indifference test applies to

23    a pretrial detainee's claim, it is an objective deliberate indifference test, rather than the subjective

24    deliberate indifference test applicable to a prisoner's claim.  <u>See</u> <u>Gordon v. County of Orange</u>,

25    888 F.3d 1118, 1122 & n.4 (9th Cir. 2018).  The claim is evaluated under an objective deliberate

26    indifference standard.

27                 [T]he elements of a pretrial detainee's medical care claim against an
                 individual defendant under the due process clause of the Fourteenth

28                 Amendment are:  (i) the defendant made an intentional decision with

respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Id. at 1125.  With regard to the third element, the defendant's conduct must be objectively unreasonable -- "a test that will necessarily turn[ ] on the facts and circumstances of each particular care."  Id. (citations and internal quotation marks omitted).  "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006.) (internal quotation marks omitted).  The four-part test articulated in Gordon requires the inmate to prove more than negligence, but less than subjective intent -- something akin to reckless disregard.  Gordon, 888 F.3d at 1125.

Improper Joinder

Plaintiff's disparate claims comprise a "shotgun" or "kitchen sink" complaint, where she raises unrelated claims against unrelated defendants.  Thus, the complaint also does not comply with Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides that the right to relief against multiple defendants must arise out of common events and reflect common questions of law or fact.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits.").  In any amended complaint, plaintiff should limit her claims to those that arise from common questions of law or fact; alternatively, plaintiff may name a single defendant and bring such claims as she may have against that defendant, see Fed. R. Civ. P. 18(a).

Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

7

1    liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

2    defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

3    F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

4    participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

5    268 (9th Cir. 1982).

6         Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[2]  See

7    Fed. R. Civ. P. 20(a)(2).  Plaintiff is cautioned that violation of court orders may result in the

8    involuntary dismissal of this action.  Fed. R. Civ. P. 41(b).

9         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

10   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

11   complaint be complete in itself without reference to any prior pleading.  This requirement exists

12   because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

13   v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

14   supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

15   omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

16   function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

17   and the involvement of each defendant must be sufficiently alleged.

18   Subsequent Motions

19        On June 22, 2020, plaintiff filed a notice regarding filing fees, and a motion to set aside

20   filing fees.  Essentially, plaintiff contends she is indigent and does not have the funds to pay the

21   court's filing fees and should be granted a waiver from having to pay the fees.  (ECF Nos. 8, 9.)

22   ─────────────────────

23   [2]  As discussed above, a plaintiff may properly assert multiple claims against a single defendant.
     Fed. Rule Civ. P. 18.  Also, a plaintiff may join multiple defendants in one action where "any

24   right to relief is asserted against them jointly, severally, or in the alternative with respect to or
     arising out of the same transaction, occurrence, or series of transactions and occurrences" and

25   "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P.
     20(a)(2).  Unrelated claims against different defendants must be pursued in separate lawsuits.  See

26   George, 507 F.3d at 607.  This rule is intended "not only to prevent the sort of morass [a multiple
     claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing

27   fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals
     that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."

28   George, 507 F.3d at 607.

However, as discussed above, the court is required to impose filing fees. Thus, plaintiff's motion is denied.

On June 22, 2020, plaintiff also filed a motion to "postpone all motions until COVID[-19 pandemic] restrictions are lifted." (ECF No. 10 at 1.) However, plaintiff did not sign her motion. First, parties proceeding without counsel are required to sign all pleadings, motions, and other papers submitted to the court for filing. Fed. R. Civ. P. 11(a). Second, plaintiff is advised that as a pro se litigant, she is required to prosecute her court action. Despite the pandemic, this court case is proceeding, and will not be postponed for an indefinite period.

Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 11, 12) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director, California Department of Mental Health filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within sixty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's motion (ECF No. 5) is denied without prejudice.

////

6. Plaintiff's motions (ECF No. 9, 10) are denied.

9

1   Dated:  July 6, 2020

2

3                                                          KENDALL J. NEWMAN
    /mile0807.14n                                          UNITED STATES MAGISTRATE JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GEORGIA MILES,                              No.  2:20-cv-0807 TLN KJN P

12                    Plaintiff,

13        v.                                      NOTICE OF AMENDMENT

14    PATRICE PETERSEN, et al.,

15                    Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19                   _____         Amended Complaint
     DATED:
20

21                                          _____
22                                          Plaintiff

23

24

25

26

27

28

                                            11